J-S17041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                  :             PENNSYLVANIA
                                  :
            v.                         :
                                  :
                                  :
JOHN LAYTON                       :
                                  :
           Appellant               :    No. 662 EDA 2024

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004826-2022

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                  :             PENNSYLVANIA
                                  :
            v.                         :
                                  :
                                  :
JOHN LAYTON                       :
                                  :
           Appellant              :    No. 663 EDA 2024

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007781-2022

BEFORE:  MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                          **FILED JULY 11, 2025**

Appellant, John Layton, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his open guilty plea to two counts each of aggravated assault, simple assault, and recklessly endangering another person, and one count each of resisting arrest, possessing instruments of crime, terroristic threats, criminal mischief, persons not to possess firearms, firearms not to be carried without a license, and

carrying a firearm on public streets in Philadelphia.[1] We vacate and remand

for further proceedings.

In its opinion, the trial court set forth the relevant facts and procedural

history of this case as follows:

> On June 3, 2022, at around 4:52 in the afternoon, the Complainant, Tiffany Monroe, was operating a SEPTA trolley in the area of 15th and Market Street in Philadelphia. Appellant … was a passenger on the trolley at that time. [Appellant] was seated on the steps leading to the entrance/exit doors of the trolley next to the operator's chair. Ms. Monroe asked [Appellant] to move from the stairs and he took offense to the request. [Appellant] produced a small revolver firearm and brandished it at Ms. Monroe and threatened, "What if I shoot shots?" Ms. Monroe instructed the other passengers to exit the trolley.
>
> [Appellant] then pointed the firearm at Ms. Monroe. [Appellant] exited the trolley and began yelling at Ms. Monroe and pointed the firearm upward and fired one shot in the air. Ms. Monroe was able to close the trolley doors. [Appellant] approached the trolley again and used the handle of the firearm to strike the glass door of the trolley and shattered it. Ms. Monroe pulled away in the trolley and proceeded to the next stop.
>
> Police officers were in the area and heard the gunshot. There was surveillance footage of Ms. Monroe and in the passenger area of the trolley during the event. The other passengers ducked and hid under the trolley seats to seek safety.
>
> Police officers patrolled the area where the gun was fired and two officers, Officer Peel and Officer Carden attempted to stop [Appellant]. [Appellant] struggled with the officers and tried to fight them off despite their use of a taser. [Appellant] then jumped onto the SEPTA tracks and

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1), (a)(6); 2701; 2705; 5104; 907; 2706; 3304; 6105; 6106; 6108, respectively.

attempted to flee the officers. [Appellant] spit at the officers and tried to bite their hands. Officer Gill sustained hand fractures in the struggle to arrest [Appellant].

[Appellant] was ultimately taken into custody and placed in the back of a patrol car. He attempted to kick out the rear window of the car and tried to climb out of the window. Officers patrolled the area of the gunshot later on June 3, 2022, and recovered a firearm, a Taurus revolver, 38-caliber Special ABE. [Appellant] had a disqualifying conviction that made him ineligible to possess a firearm.

On November 14, 2023, [Appellant] pled guilty to [the above-mentioned offenses at two underlying docket numbers.] [A]ppellant deferred sentencing and the trial court ordered a mental health evaluation, [Forensic Intensive Recovery ("FIR")] evaluation, and a pre-sentence investigation [("PSI")]. [Appellant was represented at the plea hearing by Jessica Conseuela Mann, Esquire.]

On February 15, 2024, the trial court sentenced [Appellant] to [an aggregate term of six years to a maximum of twelve years of incarceration.]

(Trial Court Opinion, filed 9/6/24, at 1-3) (internal citations omitted).

On February 22, 2024, Appellant filed a *pro se* notice of appeal, listing both underlying docket numbers. Nevertheless, the notice of appeal did not specify the order from which Appellant was seeking to appeal. On February 26, 2024, Appellant filed a *pro se* post-sentence motion.[2] Nothing in the record indicates that either the *pro se* notice of appeal or *pro se* post-sentence motion were forwarded to Attorney Mann.

On March 15, 2024, Douglas Earl, Esquire, entered his appearance as

_____

[2] The docket indicates that the motion was denied by operation of law on June 27, 2024. We discuss the propriety of the post-sentence motion in greater detail *infra*.

counsel for Appellant at docket No. CP-51-CR-0007781-2022 ("docket No. 7781-2022").  Meanwhile, Attorney Mann was still listed as counsel of record at CP-51-CR-0004826-2022 ("docket No. 4826-2022").  Thus, on April 16, 2024, this Court issued a rule to show cause to each counsel why the appeal should not be quashed where the *pro se* notice of appeal had failed to specify the order from which Appellant sought to appeal.

On April 23, 2024, Attorney Earl responded to the rule to show cause indicating that it was clear from Appellant's *pro se* notice of appeal that he intended to appeal from the February 22, 2024 judgment of sentence such that this Court should not quash the appeal.  On April 23, 2024, Attorney Mann responded to the rule to show cause explaining that although she represented Appellant at the time of his guilty plea, she had sought to be removed as counsel on March 12, 2024.  Attorney Mann further explained that the trial court appointed Attorney Earl on March 13, 2024, to represent Appellant on appeal.  Attorney Mann stated that she believed the trial court intended to appoint Attorney Earl to represent Appellant for purposes of appeal at both underlying dockets.  Attorney Mann also stated that she believed Appellant's *pro se* notice of appeal sought to challenge the February 22, 2024 judgment of sentence.  Attorney Mann asked this Court to retain jurisdiction and remand the matter to the trial court for clarification of counsel and to allow appellate counsel to perfect the underlying appeal.

On May 20, 2024, this Court issued a *per curiam* order discharging the

rule to show cause and referring the issue to the merits panel.[3]  Additionally, on May 20, 2024, this Court issued separate orders noting that Appellant's filing of a notice of appeal listing both underlying dockets was improper, citing ***Commonwealth v. C.M.K.***, 932 A.2d 111 (Pa.Super. 2007) (quashing appeal after finding that single notice of appeal filed by co-defendants in criminal case was legal nullity); and Pa.R.A.P. 341, Note (stating: "Where … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed").  Thus, this Court directed Attorney Mann to file one amended notice of appeal listing only trial court docket No. 4826-2022.  This Court further directed Attorney Earl to file one amended notice of appeal listing only trial court docket No. 7781-2022.  On June 7, 2024, both counsel complied and filed amended notices of appeal, which this Court subsequently consolidated *sua sponte*.  On June 26, 2024, the trial court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant complied on July 15, 2024.

On November 29, 2024, Attorney Mann filed a motion to withdraw as counsel.  This Court granted Attorney Mann's request on December 3, 2024.  Attorney Earl subsequently filed an appellate brief on Appellant's behalf at both underlying trial court docket numbers, in this consolidated appeal.

_____

[3] Upon our review, we agree with counsel that it is clear from Appellant's *pro se* notice of appeal that he intended to appeal from the judgment of sentence entered February 22, 2024.

Appellant raises one issue for our review:

Did the sentencing court abuse its discretion by imposing a sentence that was excessive under the circumstances?

(Appellant's Brief at 3).

As a preliminary matter, we note that Appellant's challenge to the discretionary aspects of his sentence is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136 (Pa.Super. 2001), *appeal denied*, 568 Pa. 695, 796 A.2d 979 (2001). Prior to reaching the merits of a discretionary sentencing issue, we conduct a four-part test to determine:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

Significantly, objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing following imposition of sentence or in a timely filed post-sentence motion. *Commonwealth v. Griffin*, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013). "This failure cannot be cured by submitting the challenge in a Rule 1925(b) statement." *Commonwealth v. McAfee*, 849 A.2d 270, 275

(Pa.Super. 2004), *appeal denied*, 580 Pa. 695, 860 A.2d 122 (2004).

Instantly, Appellant did not object to the sentence imposed on-the-record at the sentencing hearing. Although Appellant filed a *pro se* post-sentence motion on February 26, 2024, within 10 days of sentencing,[4] Appellant was still represented by Attorney Mann at the time he filed the *pro se* post-sentence motion; thus, the motion was a legal nullity. **See Commonwealth v. Hopkins**, 228 A.3d 577 (Pa.Super. 2020) (explaining general rule that hybrid representation is not permitted; our courts will not accept *pro se* motion while appellant is represented by counsel; such motions have no legal effect and therefore are legal nullities). Although the docket entries indicate that the post-sentence motion was denied by operation of law on June 27, 2024, the motion could not be denied by operation of law where it was a legal nullity. **See id.** Significantly, nothing in the record indicates that the court forwarded the *pro se* post-sentence motion to counsel of record as required by Pa.R.Crim.P. 576(a)(4) (stating that in any case in which defendant is represented by attorney and submits document for filing, clerk of courts shall accept it for filing, time stamp it, make docket entry reflecting date of receipt, and place document in criminal case file; copy of time stamped document shall be forwarded to defendant's attorney and attorney for

---

[4] Appellant's post-sentence motion, titled "motion for reconsideration," expressly challenged the length of the sentence imposed, claiming that he believed he was going to receive no more than 5-10 years' imprisonment without probation.

Commonwealth within 10 days of receipt). Thus, a breakdown in the operations of the court occurred when the clerk of courts failed to forward the *pro se* post-sentence motion to counsel of record. **See** Pa.R.Crim.P. 576(a)(4); **Commonwealth v. Chestnut**, No. 2943 EDA 2018 (Pa.Super. filed Oct. 22, 2020) (unpublished memorandum)[5] (explaining that any failure of clerk of courts to forward copy of appellant's *pro se* filings to counsel of record should be deemed breakdown in court system).

We recognize that Appellant filed the *pro se* post-sentence motion **after** he filed the *pro se* notice of appeal.[6] Nevertheless, had the clerk of courts forwarded the *pro se* post-sentence motion to counsel, counsel could have taken further action to preserve Appellant's post-sentence rights.[7] Given that Appellant's sole challenge on appeal is to the discretionary aspects of sentencing, without a properly filed post-sentence motion, Appellant's issue

_____

[5] **See** Pa.R.A.P. 126(b) (stating we may rely on unpublished decisions filed in this Court after May 1, 2019 for their persuasive value).

[6] Unlike Appellant's *pro se* post-sentence motion, the *pro se* notice of appeal is not a legal nullity. **See Hopkins, supra** (explaining that when counseled defendant files *pro se* notice of appeal, appeal is not legal nullity and has legal effect; because notice of appeal protects constitutional right, it is distinguishable from other filings that require counsel to provide legal knowledge and strategy in creating motion, petition, or brief).

[7] For example, counsel could have then withdrawn the previously-filed appeal, filed a counseled post-sentence motion if still within the 10-day window (or sought *nunc pro tunc* relief if beyond the 10-day window), allowed the trial court to rule on the post-sentence motions, and then filed a notice of appeal within 30 days of the order denying the post-sentence motion.

on appeal is waived. ***See Griffin, supra***. Under these circumstances, combined with the defects and procedural irregularities that surrounded the filing of the notice of appeal as discussed ***supra***, the best resolution of this case is to vacate and remand for further proceedings. ***See, e.g., Commonwealth v. Johnson***, No. 1491 WDA 2022 (Pa.Super. filed June 11, 2024) (unpublished memorandum) (vacating and remanding for further proceedings where record suggested that plea counsel abandoned appellant at time he timely filed *pro se* post-sentence motion, which was legal nullity where appellant was represented by counsel). Upon remand, the trial court shall reinstate Appellant's post-sentence and direct appeal rights *nunc pro tunc*. As Appellant is now represented by Attorney Earl, Attorney Earl can file a post-sentence motion on Appellant's behalf at each underlying docket number within 10 days of reinstatement of Appellant's post-sentence rights. Should the trial court deny the post-sentence motion, Attorney Earl can then file separate notices of appeal at each underlying docket on Appellant's behalf, if Appellant chooses to proceed with an appeal. Accordingly, we vacate and remand for further proceedings consistent with this memorandum.

Order vacated. Case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/11/2025